IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tucson Medical Center,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Purdue Pharma LP, et al.,<br><br>　　　　　Defendants. | No. CV-19-00358-TUC-RCC<br><br>**ORDER** |

This Emergency Motion to Remand and For Sanctions ("Motion") arises from the Defendants' second attempt to remove this case from the Pima County Superior Court. Following the Defendants' Notice of Removal, Plaintiff, Tucson Medical Center, filed this Motion to Remand and For Sanctions. Doc. 1. The Motion was placed on an expedited briefing track and has been fully briefed as of July 31, 2019. For the reasons set forth herein, Plaintiff's Emergency Motion to Remand and For Sanctions is **granted in part and denied in part**.

**<u>Background</u>**

This opioid related lawsuit arises from the harm allegedly suffered by Plaintiff, Tucson Medical Center ("TMC), because of Defendants' "unlawful marketing, sale, and distribution of prescription opioids." Doc. 2-3 at ¶ 19.

On October 9, 2018, Plaintiff filed the instant action in Pima County Superior Court. Doc. 2-3. This action was filed after the Plaintiff's dismissal of a similar preceding action.

A. The Predecessor Action

On August 22, 2018 Plaintiff filed an action in the Pima County Superior Court naming multiple defendants including the Mckesson Corporation ("Mckesson"), and AmerisourceBergen Drug Corporation ("Amerisource") as Defendants. *Tucson Med. Ctr. v. Purdue Pharma L.P.*, No. 4:18-cv-481-RCC (D. Ariz. Sept. 25, 2018), Doc. 1-3 (Complaint). Thereafter, Defendant Amerisource filed a Notice of Removal, asserting federal question jurisdiction under the Controlled Substances Act ("CSA"). *Id*. at Doc. 1 (Notice of Removal). Specifically, Amerisource alleged that the CSA governs the reporting and shipping duties concerning suspicious opioid orders. *Id*.

In addition to Amerisource's argument under the CSA, Defendant Mckesson supplemented the Notice of Removal with an additional argument that removal was proper under the Federal Officer Removal Statute. *Tucson Med. Ctr.*, No. 4:18-cv-481-RCC at Doc. 13 (Supplement to Removal). Mckesson alleged that its distribution of prescription opioids was at the direction of a federal officer based on the Pharmaceutical Prime Vendor Contract with the United States Department of Veterans Affairs. Thus, Mckesson argued removal jurisdiction was proper. *Id*. The case was ultimately removed to federal court where Plaintiff voluntarily dismissed its complaint without prejudice. *Id*. at Doc. 51 (Notice of Voluntary Dismissal).

B. The Instant Action

Following the dismissal of the preceding action, Plaintiff filed another Complaint

with the Pima County Superior Court. Doc. 2-3. In the newly filed Complaint, Plaintiff named the same defendants except for Defendant Mckesson. Among the named Defendants are Insys Therapeutics, Inc. ("Insys"), an Arizona resident, and Amerisource. Doc. 2-3.

Shortly after the filing of this action, Amerisource removed the case to this Court, again asserting federal question jurisdiction under the CSA. *Tucson Med. Ctr. v. Purdue Pharma L.P. et al.*, No. 4:18-cv-532-RCC (D. Ariz. Oct. 29, 2018), Doc. 1 (Notice of Removal). As a result, Plaintiff moved to remand the action back to state court and the remand was granted. *Id.* Doc. 36 (Remand Order). In its opinion, this Court determined that Amerisource "failed to show that the Plaintiff must prove a violation of federal law to prevail on its claims." *Id.*

After returning to state court, the case progressed until June 10, 2019 when Defendant Insys filed a Notice of Bankruptcy. Doc. 2-25 at 14. The following day, the state court issued an automatic stay of claims against Insys. *Id.* at 14-15. At a subsequent hearing, Defendants requested a continuance to determine if the stay of claims against Insys extended to Plaintiff's claims against other Defendants as well. Doc. 2-25 at 45. The State Court denied Defendants request for a continuance. *Id.* Afterwards, Plaintiff dismissed three of its eleven claims against Insys with prejudice noting its desire to proceed against all other Defendants without being delayed by a stay of claims related Insys. Doc. 2-5 at 11-13; June 14, 2019 Hr'g Tr. At 11:1-13:22.

Following the dismissal of claims against Insys, Defendants filed a second Notice of Removal, this time, citing diversity jurisdiction. Doc. 2. Now, Defendants petition this

- 3 -

Court to sever Insys, as a dispensable party under Federal Rule of Civil Procedure 19, to perfect diversity jurisdiction.

### Legal Standard for Removal Jurisdiction

Generally, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441. District courts have original jurisdiction over actions where there is diversity of citizenship. 28 U.S.C. § 1332(a). For diversity jurisdiction to exist, Plaintiff and Defendants must be citizens of different states with an amount in controversy exceeding $75,000. *Id*. The party seeking removal has the burden of establishing federal jurisdiction to warrant removal. *Prize Frize, Inc. v. Matrix Inc.*, 167 F.3d 1261, 1265 (9th Cir.1999). When assessing removal claims, "the removal statute is strictly construed against removal jurisdiction." *Id*. Any doubt as to the right of removal is resolved in favor of remand back to the state court. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992).

### Analysis

A. <u>Defendants' Request to Sever</u>

Here, there is no diversity of citizenship among the parties and, as a result, no federal jurisdiction. It is axiomatic that, for diversity to exist, the plaintiff and each defendant must be citizens of different states. There is no dispute that Defendant Insys is an Arizona resident that shares its citizenship with Plaintiff, TMC. There is also no assertion Plaintiff joined Defendant Insys fraudulently. Since citizenship is shared by Plaintiff and one of the

Defendants, diversity jurisdiction does not exist, and this Court will not hear the case.

Normally, the inquiry would stop after determining a lack of subject matter jurisdiction. However, Defendants have petitioned this Court to take a different course of analysis. Defendants petition the Court to sever Defendant Insys as a dispensable party, under Federal Rule of Civil Procedure 21, to perfect jurisdiction. Doc. 17 at 12-13. Only after severing Insys should the Court determine the presence of jurisdiction. This Court refuses to do so.

The foundation of the District Court's ability to act is its jurisdiction over the case itself. Therefore, the inquiry must begin at whether jurisdiction exists. Where jurisdiction does exist, the inquiry goes further. Here, there is no jurisdiction and the inquiry must cease. There is an exception where the court may find jurisdiction after severing a party under Federal Civil Procedure Rule 21. However, this Court refuses to employ its Rule 21 power, in this instance, for two reasons.

First, the case law supports a strong presumption against the exercise of Rule 21 severance. *Prize Frize, Inc.*, 167 F.3d at 1265 ("the removal statute is strictly construed against removal jurisdiction."); *See also Geographic Expeditions, Inc. v. Estate of Lhotka ex rel Lhotka*, 599 F. 3d 1102, 1107 (9th Cir. 2010). If this Court finds that there is any ambiguity as to the right of removal, remand is required. *Gaus v. Miles, Inc.*, 980 F.2d at 566. District courts have been very hesitant to use their rule 21 power to create jurisdiction where none exists. *Brown v. Endo Pharms.*, *Inc*., 38 F. Supp. 1312, 1326 (S.D. Ala. 2014); *In Re Darvocet, Darvon & Propoxyphene Prods. Liab. Litig.*, 2013 WL 3872230 at *12 (E.D. Ky. July 25, 2013). This line of cases presents a strong argument in favor of remand

that the Defendant has not sufficiently rebutted.

Moreover, the Defendants' request is impracticable. The Defendants request that this Court sever Insys under Federal Civil Procedure Rule 21. However, "a court's use of Federal Rule of Civil Procedure 21 presumes that the court has subject matter jurisdiction over the claims." *In re: Bard Ivc Filters Prod. Liab. Litig.*, No. 2641, 2016 WL 2347430, at *8 (D. Ariz. May 4, 2016). The case at bar makes it clear that subject matter jurisdiction does not exist for lack of complete diversity. The only instance where subject matter jurisdiction may be present is under the fraudulent misjoinder rule, which the Defendants do not plead. Therefore, this Court declines to act in the absence of jurisdiction to do so.

B. <u>Request for Sanctions</u>

Under Federal Rule of Civil Procedure 11, this Court may issue sanctions pursuant to a party's motion. Fed. R. Civ. P. 11. Sanctions are warranted where there are submissions to the court that are: 1) presented for an improper purpose such as harassment; 2) frivolous; or 3) lacking any reasonable evidentiary support. Fed. R. Civ. P. 11(b). When requesting these sanctions, a party must make the request for sanctions separate from any motion and specifically describe the conduct worthy of a sanction. Fed. R. Civ. P. 11(c). Here, the Plaintiff has requested sanctions in its Motion to Remand and For Sanctions. Doc. 8. This Court denies Plaintiffs request for two reasons.

First, Defendants' argument, requesting that this Court exercise its power under Federal Civil Procedure Rule 21, is not frivolous. Defendants argument is supported by case law from several judicial circuits. While not endorsed by this Court, the Defendants' request that the Court extend legal precedent is not frivolous.

- 6 -

Second, Plaintiff has failed to adhere to the procedural requirements imposed under Rule 11. Rule 11 requires the party seeking sanctions to give notice to the opposing party. Fed. R. Civ. P. 11(c). Only after notice and a 21-day waiting period can the moving party petition this Court for sanctions. Additionally, the request for sanctions must be in a separate and standalone filing, not accompanied by any other motion. Here, Plaintiff has failed to comply with both the notice requirement and the standalone filing requirement. Thus, Plaintiff's request for sanctions is denied.

## Conclusion

For the foregoing reasons, Plaintiffs Emergency Motion to Remand and For Sanctions (Doc. 1) is **GRANTED IN PART AND DENIED IN PART**. The request for remand is granted. The request for sanctions is denied. This case shall be remanded to the Superior Court of Pima County, Arizona. The Clerk of the Court is ordered to close the Court's file in this matter.

Dated this 15th day of August, 2019.

_____
Honorable Raner C. Collins
Senior United States District Judge